IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ~~SOUTH CAROLINA~~ Maryland DMA

USDC- GREENBELT
'23 NOV 3 PM2:50

Da'Vone Maurice Austin, Plaintiff

v.

Ally Servicing LLC

LKG- 23CV3007

CarMax

E.T.C Recovery

Resolvion, Defendants


Case Number:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Da'Vone Maurice Austin ("Plaintiff"), by and through their undersigned counsel, brings this action against Defendants Ally Servicing LLC ("Defendant 1"), CarMax ('Defendant 2"), E.T.C Recovery ("Defendant 3") and Resolvion ("Defendant 4"), and alleges as follows:

I.NATURE OF THE ACTION

1. This action arises from Defendants' unlawful practices in enforcing a purported security interest and attempting to collect an alleged debt assignment, in violation of specific provisions of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., Including but not limited to § 1640, 1641, 1666I, as interpreted by the legal standards established by the precedential case First National Bank of Amarillo v. LaJoie, which asserts the non-transferability of void security interests under state law.

II. JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case presents a federal question involving the interpretation and application of TILA.

3. Venue is proper in this Court under 28 U.S.C § 1391(b), as the events giving rise to Plaintiff's claim occurred within this District, and Defendant does business in this District.

III. PARTIES

4. Plaintiff is, and at all times herein was, a resident of Hyattsville, Maryland.

5. Defendant 1 is, and at all times herein was a corporation organized under the laws of Michigan with its principal place of business in Detroit, Michigan, and is doing business in this District.

6. Defendant 2 is, and at all times herein was a corporation organized under the laws of South Carolina with its principal place of business in Richmond, Virginia, and is doing business in this District.

7. Defendant 3 is, and at all times herein was a corporation organized under the laws of Maryland with its principal place of business in Baltimore, Maryland, and is doing business in this District.

8. Defendant 4 is and at all times herein was a corporation organized under the laws of North Carolina with its principal place of business in Charolotte, NC, and is doing business in this District.

IV. FACTUAL ALLEGATIONS

9. Plaintiff entered into an installment sales contract with CarMax ("Dealership") for the purchase of a 2019 Chevrolet Suburban ("Trust Vehicle") for personal, family and household use, creating a "consumer credit sale" as defined under TILA, 15 U.S.C. § 1602(i).

10. The Dealership subsequently assigned rights and obligations under the sales contract to Defendant 1, Ally Servicing LLC("Bank"), without Plaintiff execution of a note or any instrument of indebtedness directly with Defendant.

11. Upon assignment, Defendant 1 became a "creditor" as defined by TILA, 15 U.S.C. § 1602(g), with a duty to comply with all obligations thereof, including the furnishing of clear and conspicuous disclosures as required by TILA, 15 U.S.C. § 1638.

12. Defendant 1, Ally Servicing LLC , failure to provide these required TILA disclosures to Plaintiff after assignment of the sales contract has caused Plaintiff to be unaware of critical credit terms, resulting in ascertainable losses, thus constituting a violation under TILA, 15 U.S.C § 1640(a).

13. The principles upheld in First National Bank of Amarillo v. LaJoie, 537 P.2d 1207 (Okla. 1975), wherein the court held an assignee of a contract that did not originally extend credit and merely accepted an assignment, cannot enforce a security interest initially void under state law, are squarely applicable to the instant case.

14. Defendant 2, CarMax, authorized Defendant 4, Resolvion ("Vehicle Recovery Company") to repossess the Vehicle, resulting in a breach of peace as vehicle is held in trust and Plaintiff has equity in Vehicle.

15. Defendant 4, Resolvion, then authorized Defendant 3, E.T.C Recovery ("Tow Company") to perform repossession of the Vehicle, resulting in breach of peace as vehicle is held in trust and a violation of defendant unalienable rights.

16. Defendant 2, CarMax, instructed Defendant 1, Ally Servicing LLC, to cancel contract between Defendant 1 and Plaintiff causing an intentional interference with contract.

V. CLAIMS FOR RELIEF

COUNT 1: VIOLATION OF TILA

17. Plaintiff repeats and realleges the allegations in paragraph 1 through 16 as if fully set forth herein.

18. Defendant 1, failure to provide the required TILA disclosures upon assignment constitutes a violation of TILA, entitling Plaintiff to actual damages, statutory damages of twice the finance

charge but not less than $400 nor greater than $4,000.00 as specified in 15 U.S.C § 1640(a)(2)(A)(i), and attorney's fees and costs pursuant to 15 U.S.C §1640(a)(3).

COUNT 2: DECLARATORY RELIEF

19. Plaintiff repeats and realleges the allegations in paragraph 1 through 18 as if fully set forth in paragraph herein.

20. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendant 1, Ally Servicing LLC, has no legal right to enforce a security interest in the Vehicle or to collect the alleged debt due to the violation of TILA, and that such interest in void ab inito.

21. Defendant 2, CarMax, has no legal right to enforce a note when they are not in possession of the Original Note that was destroyed in securitization pursuant to UCC 3-604 upon transferring the installment sales agreement to Defendant 1, Ally Servicing LLC.

COUNT 3: INJUNCTIVE RELIEF

22. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 21 as if fully set forth herein.

23. Plaintiff seeks an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to prohibit Defendant 1 and 2 from attempting to collect the alleged debt or enforce any purported security interest against the Vehicle.

24. Plaintiff seeks an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to prohibit Defendant 3 and 4 from breaching peace against Plaintiff's trust Vehicle.

COUNT 4: INTENTIONAL INTERFERENCE

25. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 24 as if fully set forth herein.

26. Defendant 2, CarMax, has no right to intentionally interfere with sales installment contract in which Defendant 1, Ally Servicing LLC, voluntarily took possession of.

27. Defendant 2, CarMax has no right to request Defendant 1, Ally Servicing LLC, to cancel contract and to transfer the contract back to Dealership, causing Plaintiff's unrecoverable damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Award actual and statutory damages pursuant to 15 U.S.C § 1640;

b. Issue a declaratory judgment that Defendant 1 and 2 has no legal right to enforce any security interest or collect the allege debt;

c. Grant injunctive relief to prevent Defendant from further attempts to collect the alleged debt or enforce any security interest against the Vehicle;

d. Grant injunctive relief restraining Defendant 3 and 4 from performing a repossession and to return trust Vehicle;

e. Grant injunctive relief restraining Defendant 1 and 2 from taking steps to repossess trust Vehicle;

f. Grant injunctive relief to prevent Defendant 1 and 2 from selling trust vehicle;

g. Award the costs of suit and reasonable attorney's fees as provided by 15 U.S.C § 1640(a)(3);

h. Grant such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Da'Vone Austen
628 Tweed Way
Hyattsville, MD 20785
240-672-2997